IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUMAH ALI-THOMAS MOORE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>O. MACHADO, et al.,<br><br>　　　　　Defendants. | No. C 07-0284 SBA (PR)<br><br>**ORDER OF DISMISSAL AND REMANDING CASE TO STATE COURT** |

## BACKGROUND

Plaintiff Jumah Ali-Thomas Moore is a state prisoner currently incarcerated the California Medical Facility - Vacaville. He filed this civil action in the Monterey County Superior Court, Moore v. Machado, et al., Case no. M81641.

On January 16, 2007, Defendants Thacker, Machado, Godinez, Evans, Selby, Sullivan, Negron, Medina, Dane, and Woodford removed this case to federal court under 28 U.S.C. § 1441(b). They waived their right to reply to the complaint, and filed a motion requesting a screening order pursuant to 28 U.S.C. § 1915A. Plaintiff opposed the removal. Plaintiff states he filed a separate federal civil rights complaint in Case No. C 06-5894 SBA (PR), "claiming federal causes of action" against the same Defendants. The record shows that Case No. C 06-5894 SBA (PR) was dismissed without prejudice on September 28, 2007 because Plaintiff failed to meet his burden of showing that 28 U.S.C. § 1915(g)[1] did not bar pauper status for him, and the Court found that a dismissal under § 1915(g) was proper because Plaintiff had been given an opportunity to be heard on the matter before dismissing the action. (Sept. 28, 2007 Order in Case No. C 06-5894 SBA (PR) at 4.) On September 30, 2008, the Court denied Plaintiff's motion to reopen that action. (Sept. 30, 2008 Order in Case No. C 06-5894 SBA (PR) at 4.)

---

[1] 28 U.S.C. § 1915(g) provides that a prisoner may not bring a civil action in forma pauperis under § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Attached to Plaintiff's opposition to the removal is his amended state court complaint.[2] The Court notes that Defendants in this action have not been served at this time. Plaintiff may as a matter of course amend his complaint because a responsive pleading has not yet been served. See Fed. R. Civ. P. 15(a). Therefore, the Clerk of the Court is directed to file the amended complaint as directed below, and it will be the operative complaint in this action.

In his amended complaint, Plaintiff alleges a violation of his constitutional rights while incarcerated at Salinas Valley State Prison (SVSP), against Defendants R. Basso, Blackstone, Chavez, J. Pistone, Bucknor, R. Marin, M. Lamb, R. Boucher, J. Dane, W. Delts, M. Evans, M. Fondren, M. Godinez, J. Gonzalez, J. Grumet, C. Lee, J. Luman, O. Machado, M. Maldonado, E. Medina, L. Negron, E. Sanchez, T. Selby, P. Sullivan, S. Thacker, T. Variz, J. Woodford, and S. Younce. In addition to his state law claims, Plaintiff alleges Defendants: (1) used excessive force on him on September 25, 2005 when they threw a dinner tray at him, and again on October 22, 2005, when they forced him out of his cell; (2) denied him his right to access to the courts by confiscating his legal materials; (3) confiscated his personal property; and (4) failed to adequately process his administrative grievances.

On March 1, 2007, Defendants Boucher, Fondren, Gonzalez, Grumet, Lee, Maldonado, Sanchez, Variz, and Younce joined Defendants' motion to screen the amended complaint.[3] The Court has granted Defendants' motion; therefore, it now conducts an initial review of the amended complaint pursuant to 28 U.S.C. § 1915A.

**STANDARD OF REVIEW**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that

---

[2] The Court notes that Plaintiff put the wrong case number, Case No. M81614, on his amended state complaint. The record shows that it should be Case no. M81641.

[3] The record shows that the remaining Defendants -- Defendants Blackstone, Bucknor, Chavez, Lamb, Marin and Pistone -- have not been served or requested representation by the Attorney General's Office. (Defs.' Joinder of Notice of Removal at 1 n.1.)

are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law.  West v. Atkins, 487 U.S. 42, 48 (1988).  Pro se pleadings must be construed liberally.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

## LEGAL CLAIMS

### I. Excessive Force

Under the Eighth Amendment, a prisoner has the right to be free from cruel and unusual punishment, including physical abuse by prison guards.  Whenever prison officials stand accused of using excessive physical force, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley v. Albers, 475 U.S. 312, 317 (1986)).

While the extent of injury suffered by an inmate is one of the factors to be considered in determining whether the use of force is wanton and unnecessary, the absence of serious injury does not end the Eighth Amendment inquiry.  Hudson, 503 U.S. at 7.  Whether the alleged wrongdoing is objectively "harmful enough" to establish a constitutional violation is contextual and responsive to contemporary standards of decency.  Id. at 8 (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)).  Such standards are always violated when prison officials maliciously and sadistically use force to cause harm, whether or not significant injury is evident.  Id.; see also Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000) (no lasting injury required for sexual assault because sexual assault was deeply offensive to human dignity); Felix v. McCarthy, 939 F.2d 699, 701-02 (9th Cir. 1991) (it is not degree of injury which makes out violation of Eighth Amendment but use of official force or authority that is intentional, unjustified, brutal and offensive to human dignity); cf. Hudson, 503 U.S. at 16 (Blackmun, J., concurring) (Eighth Amendment surely includes notion of psychological pain which may prove to be cruel and unusual punishment without corresponding physical harm).  This is

1  not to say that every malevolent touch by a prison guard gives rise to a federal cause of action; the
2  Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from
3  constitutional recognition de minimis uses of physical force.  Hudson, 503 U.S. at 9-10.

4       There is a split in the circuits on whether a prisoner must prove that he suffered more than a
5  de minimis injury in order to prevail on an excessive force claim.  Compare Brooks v. Kyler, 204
6  F.3d 102, 108 (3d Cir. 2000) ("[A]bsence of objective proof of non-de minimis injury does not alone
7  warrant dismissal.") and Moore v. Holbrook, 2 F.3d 697, 700 (6th Cir. 1993) ("No actual injury
8  needs to be proven to state a viable Eighth Amendment claim.") with Gomez v. Chandler, 163 F.3d
9  921, 924 (5th Cir. 1999) ("[T]o support an Eighth Amendment excessive force claim a prisoner must
10 have suffered from the excessive force a more than de minimis injury.") and Norman v. Taylor, 25
11 F.3d 1259, 1263 (4th Cir. 1994) (en banc) (plaintiff must show more than de minimis injury), cert.
12 denied, 513 U.S. 1114 (1995).[4]  Although the Ninth Circuit has not addressed the issue, it has
13 strongly suggested that a prisoner need only prove that the use of physical force was more than de
14 minimis.  See Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (clarifying that in embracing
15 physical injury standard under 42 U.S.C. § 1997e(e) adopted by several circuits, Ninth Circuit does
16 not subscribe to reasoning of some of those circuits that Eighth Amendment claims require that "the
17 injury must be more than de minimis;" standard used for Eighth Amendment excessive force claims
18 only examines whether the use of physical force is more than de minimis); see also Schwenk, 204
19 F.3d at 1196-97 n.6 (prisoner need not prove any injury "where the assault is one, such as attempted
20 rape, that lacks any legitimate penological justification and is 'offensive to human dignity'").

21      It is unclear whether threats, derogatory language or other non-physical forms of harassment,
22 coupled with a use of force that is otherwise de minimis, can elevate an episode to a constitutionally
23 cognizable level.  See Hudson v. Palmer, 468 U.S. 517, 528-30 (1984) (verbal harassment coupled
24 with conduct implicating a constitutional right may state a claim cognizable under § 1983); Burton
25 v. Livingston, 791 F.2d 97, 101 n. 1 (8th Cir. 1986) (racially derogatory language coupled with

---

[4] See also Warren v. Westchester County Jail, 106 F. Supp. 2d 559, 568-69 (S.D.N.Y. 2000) (finding that a de minimis injury weighs heavily towards conclusion that degree of force used was de minimis and thus not actionable under Hudson).

4

conduct infringing prisoner's right to security of his person may present cognizable claim); but see Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997) (allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983) overruled in part on other grounds by Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result); Burton, 791 F.2d at 99, 101 n.1 (use of racial slurs in prison does not offend Constitution); Hoptowit v. Ray, 682 F.2d 1237, 1252 (9th Cir. 1982) (federal court cannot order guards to refrain from using racial slurs to harass prisoners).

### A.    September 25, 2005 Incident

Plaintiff alleges that, on September 25, 2005, Defendant Grumet tore down Plaintiff's "vegetarian" sign, which was posted on his cellroom door. (Am. Compl. at D4.) Defendant Maldonado then attempted to give Plaintiff a pork dinner tray, and Plaintiff stated that he was "on the vegetarian diet list." (Id.) Plaintiff then alleges that:

> [D]efendant O. Machado took a pork dinner tray from defendant Grumet, moved defendant Maldanado [sic] away from the plaintiff's cellroom door and defendant Machado stated, "Take this pork tray. I don't care if you are a Muslim." The plaintiff again informed defendant Machado that the plaintiff has a vegetarian chrono and is on the vegetarian diet list, and defendant Machado then forcibly threw the pork dinner tray at the plaintiff with great force while stating, "I don't give a fuck if you're a Muslim." The dinner tray hit the right side of the plaintiff's right thigh causing plaintiff to hit his left knee into the metal toilet and to hit the plaintiff's left elbow on the wall, while the food . . . flew and splashed all over the plaintiff's right leg, all upon the cellroom floor and upon the plaintiff's roommate.

(Id. at D4-5.)

Plaintiff alleges that Defendant Maldonado's actions constituted excessive force in violation of the Eighth Amendment. As outlined above, the Ninth Circuit does not require a plaintiff to show an injury that is more than de minimis, but it does require a showing of force that was more than de minimis. The Court finds that the throwing of the tray alleged here was a de minimis application of force, even if the tray was thrown forcefully. Plaintiff does not allege that the force of hitting the toilet or the wall left any bruises or welts or otherwise inflicted any serious physical wounds. The

5

act may have been insulting, unwarranted, and humiliating, but none of these attributes gives it a constitutional dimension. Therefore, the Court finds that neither the force applied nor the resulting injury rises to the level of a constitutional violation. Accordingly, the Court DISMISSES Plaintiff's excessive force claim arising out of the September 25, 2005 incident.

### B.   October 22, 2005 Incident

Plaintiff alleges that on October 22, 2005, Defendants used excessive force in pushing him out of his cell, stating:

> Defendant Machado told Defendant Thacker to open up the plaintiff's cellroom door while defendant Machado threw [Plaintiff's legal] complaints to the floor and grabbed the plaintiff and threw the plaintiff against the cellroom wall and tightly handcuffed the plaintiff's right and left wrists and pushed the plaintiff out of cellroom B5-209 while defendant Machado twisted and bent the plaintiff's left arm and defendant Machado told the plaintiff, "I'll break your fuckin' arm if you don't hurry the fuck up. Hurry up you faggot ass nigger or I'll fuck you up."

(Am. Compl. at D9.) Plaintiff alleges that this assault left him with "pain within his arms, elbows and swollen hands." (Id. at D11.)

In Hudson, the United States Supreme Court considered a case in which prison officials beat an inmate severely but he sustained no lasting injury. While escorting Hudson, who was in handcuffs and shackles, to a different area in the prison, "[defendant] McMillian punched Hudson in the mouth, eyes, chest, and stomach while [defendant] Woods held the inmate in place and kicked and punched him from behind. [Hudson] further testified that Mezo, the supervisor on duty, watched the beating but merely told the officers 'not to have too much fun.'" Hudson, 503 U.S. at 4. The Supreme Court found that blows directed at an inmate which caused bruises, swelling, loosened teeth and a cracked dental plate were not de minimis. Id. at 9-10. In so holding, the Supreme Court affirmed the basic rule that constitutional protection is only triggered by an application of force that is more than de minimis, stating: "de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind,' are beyond 'constitutional recognition.'" Id. (quoting Whitley v. Albers, 475 U.S. 312 (1986)); see, e.g., Anthony v. Shackmann, 2009 WL 1065071, 1 (D. Or. 2009) (single open-handed blow to inmate's temple was de minimis use of force); Norman v. Taylor, 25 F.3d 1259, 1262-64 (4th Cir.1994) (keys swung at inmate's face which struck his thumb was de minimis force); White v. Holmes,, 21 F.3d 277, 280-81 (8th Cir. 1994) (keys

swung at inmate which slashed his ear was de minimis force); Roberts v. Samardvich, 909 F. Supp. 594, 604 (N.D. Ind.1995) (grabbing inmate, pushing him up the stairs toward his cell, and placing him in cell cuffed, shackled, and secured to the door was de minimis force under the circumstances); Jackson v. Hurley, 993 WL 515688, at 2 (N.D. Cal. Nov. 23, 1993) (blow to back of neck with forearm and kick to the ankle of inmate were de minimis force); Neal v. Miller, 778 F. Supp. 378, 384 (W.D. Mich.1991) (backhand blow with fist to the groin of inmate was de minimis force).

In contrast to the facts of Hudson, no blows were dealt in the instant case. Plaintiff alleges that Defendant Machado "threw him against the wall," and "twisted and bent" his left arm. Yet, Plaintiff provides no evidence of any injury that would suggest that great force was used either in throwing Plaintiff against the wall or in bending his arm -- no bleeding, bruising or lacerations. The allegation that the handcuffs were too tight and that the Defendant twisted Plaintiff's arm could indicate that Defendant Machado was overly rough in trying to handcuff Plaintiff and escort him out of the cell. However, "rough handling" of the sort alleged here is a de minimis use of physical force, and the Eighth Amendment does not protect against it. See Hudson, 503 U.S. at 9-10.

Because the Court finds the use of force to be easily within constitutional parameters, it need not inquire into the extent to which the threats and derogatory language alleged could augment an otherwise questionable claim. Nevertheless, this incident falls on the Freeman-Keenan-Gaut-Burton- Hoptowit-end of the spectrum of excessive force claims, cases in which the Ninth Circuit has clearly held federal courts powerless to intervene to stop the use of harassing language when non-physical abuse is alleged on its own. Accordingly, the Court DISMISSES Plaintiff's excessive force claim arising out of the October 22, 2005 incident.

## II.     Denial of Access to the Courts

Prisoners have a constitutional right of access to the courts under the First and Fourteenth Amendments. See Lewis v. Casey, 518 U.S. 343, 346, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). The right of access to the court is limited to the initiation of a court action. The state is not required to enable the prisoner to discover grievances or to litigate effectively once in court. See Lewis, 518 U.S. at 350-55.

To establish a claim for any violation of the right of access to the courts, the prisoner must

7

prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. See id. at 354.  To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 354-55.

Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the library that he was unable even to file a complaint. See id.  Mere delay in filing papers would not be enough, for example, if they were nevertheless timely filed or accepted and considered by the court. See Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir. 1982).  However, the arbitrary denial by prison officials of access to materials the prison routinely made available to inmates for the preparation of legal documents constitutes a denial of an inmate's right of access to the courts where it results in the loss of a legal claim. Phillips v. Hust, 477 F.3d 1070, 1073 (9th Cir. 2007), vacated on other grounds, Hust v. Phillips, 129 S. Ct. 1036 (2009).

Here, Plaintiff contends that "on October 22, 2005, the said defendants . . . confiscated all of the plaintiff's documentary exhibits to his [state] habeas corpus [] petition," which he had filed the day before without attaching any exhibits.  (Am. Compl. at 5.)  Plaintiff further alleges that this confiscation caused his habeas petition to be denied:  "Due to the defendants . . . confiscating and conspiring to confiscate the plaintiff's habeas corpus exhibits . . . , the Sacramento Superior Court denied plaintiff's habeas corpus petition on November 29, 2005," due to a lack of evidence to support the "factual innocent [sic] claims as well as other claims."  (Am. Compl. at 15.)  It is unclear why Plaintiff originally filed his habeas petition without the exhibits.  However, even if Defendants confiscated Plaintiff's exhibits to his state habeas petition after his petition had been filed, this claim is not cognizable.  The constitutional right of access to the court is limited to the initiation of a court action.  The state is not required to enable the prisoner to litigate effectively once in court.  See Lewis, 518 U.S. at 350-55.  Plaintiff alleges that he had already submitted his habeas action in state court when the alleged confiscation occurred; therefore, he had already initiated his court action and

8

1 Defendants' conduct did not violate his right of access to the courts. Accordingly, the Court
2 DISMISSES Plaintiff's claim of denial of access to the courts.

### III. Confiscation of Personal Property

Plaintiff alleges that on October 22, 2005, nine boxes of his personal property were taken from his cell. The boxes contained books, food, clothing, photographs and other personal items. (Am. Compl. at 7, 13.) Plaintiff also alleges that Defendant Selby confiscated personal items from his person on the same date. (Id. at 9.)

A negligent or intentional deprivation of a state or county inmate's property fails to state a due process claim under § 1983 if state law provides an adequate post-deprivation remedy. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). California law provides such an adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Here, Plaintiff is free to pursue this issue as a state tort action. Accordingly, Plaintiff's allegations fail to state a claim cognizable under § 1983. See Barnett, 31 F.3d at 817.[5]

### IV. Claims Relating to Grievance Process

Plaintiff alleges that "Defendants Variz, Medina, and Luman conspired to cover up, and to fail to process, answer, and allow the plaintiff to litigate [his] administrative 602[s]." (Am. Compl. at 15.) In addition, Plaintiff alleges that "Defendant Sanchez maliciously and deliberately denied the plaintiff's [grievance]" relating to the confiscation of his personal property. (Id. at 16.) Plaintiff

---

[5] An inmate is not protected by the Fourth Amendment against the seizure, destruction or conversion of his property. See Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989).

9

does not allege, however, that he was unable to file any of these grievances in the first instance.

Interests protected by the Due Process Clause may arise from two sources -- the Due Process Clause itself and laws of the States. See Meachum v. Fano, 427 U.S. 215, 223-27 (1976). There is no constitutional right to a prison administrative appeal or grievance system. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

However, California Code of Regulations, title 15 section 3084, et seq. grants state prisoners the right to a prison appeals process. The regulations are purely procedural -- they require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards. Instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d). A provision that merely sets procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see, e.g., Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (same); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (same). Accordingly, a prison official's failure to process grievances, without more, is not actionable under § 1983. See Buckley, 997 F.2d at 495; see also Ramirez, 334 F.3d at 860 (prisoner's claimed loss of liberty interest in processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Although there is a First Amendment right to petition government for redress of grievances, there is no right to a response or any particular action. See Flick v. Alba, 932 F.2d 728 (8th Cir. 1991) ("prisoner's right to petition the government for redress . . . is not compromised by the prison's refusal to entertain his grievance.").

Here, Plaintiff's claims that his constitutional rights were violated -- by any mishandling of his administrative grievances or by the failings of the prison administrative grievance system -- are DISMISSED with prejudice and without leave to amend.

### V.  State Law Claims

Plaintiff's remaining claims are based on state law. In its discretion, the Court declines to exercise supplemental jurisdiction over those remaining claims. See 28 U.S.C. § 1367(c)(3). This case therefore will be remanded to state court. See Swett v. Schenk, 792 F.2d 1447, 1450 (9th Cir. 1986) ("it is within the district court's discretion, once the basis for removal jurisdiction is dropped, whether to hear the rest of the action or remand it to the state court from which it was removed"); Plute v. Roadway Package System, Inc., 141 F. Supp. 2d 1005, 1007 (N.D. Cal. 2001) (court may remand sua sponte or on motion of a party).

### VI.  Claims Against Doe Defendants

Plaintiff also seeks relief from Defendants "Does 1 through 160," who are construed to be Doe Defendants. The use of Doe Defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Because this action is being remanded to state court, Plaintiff need not be given the opportunity to move to file an amendment to the complaint to add them as named Defendants. Accordingly, Plaintiff's claims against the Doe Defendants are DISMISSED from this action.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  The Clerk is directed to file the document attached as Exhibit D to Plaintiff's opposition to Defendants' Notice of Removal of Action to Federal Court, which is labeled "First Amended Civil Lawsuit Complaint," and docket the aforementioned document as Plaintiff's "Amended Complaint." The Clerk is further directed to mark the Amended Complaint as filed on February 7, 2007, the date it was received by the Court.

2.  The amended complaint is DISMISSED for failure to state a cognizable federal claim. The dismissal is without prejudice to seeking relief in the state courts.

3.  The Court declines to exercise supplemental jurisdiction over any remaining state law claims now that the federal question claim has been dismissed. See 28 U.S.C.§ 1367(c)(3). Therefore, this action is remanded to the Monterey County Superior Court for such other and further proceedings as that court deems proper.

4.  The Clerk of the Court shall close the file and send the necessary materials to the Monterey County Superior Court for the remand.

5.  The Clerk shall terminate all pending motions as moot in light of the remand to state court.

IT IS SO ORDERED.

DATED: 11/18/09

  *Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.07\Moore0284.Dismiss&Remand.frm

12

**United States District Court**
For the Northern District of California

1 | UNITED STATES DISTRICT COURT
FOR THE
2 | NORTHERN DISTRICT OF CALIFORNIA

JUMAH THOMAS ALI-MOORE,

        Plaintiff,

  v.

O.MACHADO et al,

        Defendant.
_____/

Case Number: CV07-00284 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 20, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jumah Thomas Ali-Moore D-62389
California Medical Facility-Vacaville
P.O. Box 2000
Vacaville, CA 95676

Dated: November 20, 2009

                Richard W. Wieking, Clerk
                By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.07\Moore0284.Dismiss&Remand.frm